UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**LYNELL WILLIS, JR.**                                                                                          **PLAINTIFF**

v.                                                                            CIVIL ACTION NO. 3:20-cv-377-CRS

**TRACI FURNESS, et al.**                                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* action initiated by Plaintiff Lynell Willis, Jr. Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 5) is **GRANTED**.

This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

I.

Plaintiff names as Defendants Traci Furness, Brandon Smith, Marie, Sharday, and Ralbow, Inc. According to the complaint, Defendants Marie, Sharday, and Smith were managers at KFC/Taco Bell and Rally's where Plaintiff was employed. He states that the basis of jurisdiction is federal question jurisdiction as follows: "(1) Employer holding employee tax-refund-garnished (2) Business tax evasion (3) employee told to electronically fill out 2019 W4 form within 1st week asked to fill out 2020 W4 form dated year 2019."

In the statement-of-the-claim portion, Plaintiff states:

> Upon being hired at Rally's in 2019 of March I filled out the 2019 W4 form in about 7 days. I was asked to fill out another W4 form dated year 2019 but was

actually the 2020 W4 form. Believing the company was right I ended up loosing my 2019 tax return from Rally's and 1st job KFC/Taco Bell manager Sharday may have had me fill out the 2020 form from the E-Town Rally's Office.

As relief he asks the Court to "check into that I fell I'm owed [$10,000 to $30,000] due to company [illegible] not getting a 2019 return?"

**II**.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*. The Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint seeks damages against Defendants for "holding employee tax-refund-garnished" as a result of telling Plaintiff to fill out the wrong W-4 form. A "W-4" form is an Internal Revenue Service (IRS) form telling the employer how much federal income tax to withhold from an employee's paycheck. *See* https://www.irs.gov/forms-pubs/about-form-w-4.

Lawsuits by employees against employers challenging the withholding of federal income taxes are statutorily barred. *Pesci v. Internal Revenue Service*, 67 F. Supp. 2d 1189, 1192-93 (D. Nev. 1999). Section 3403 of Title 26 of the U.S. Code provides that "[t]he employer shall be

liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment." Thus, while "the employer may be penalized by [the] IRS for failure to pay the tax to it, suits against it by employees for taxes withheld from the pay of such employees are statutorily barred." *Chandler v. Perini Power Constructors, Inc.*, 520 F. Supp. 1152, 1156 (D.N.H. 1981); *see also Pascoe v. I.R.S.*, 580 F. Supp. 649, 654 (E.D. Mich. 1984) (agreeing with the conclusion that § 3403 insulates the employer from liability to the employee for any taxes withheld by the employer). Accordingly, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

**III**.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: April 2, 2021

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4411.009

3